UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KAREN GARDHOUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-300-GWC |
| | ) | |
| N AND D RESTAURANTS, LLC; | ) | |
| N AND D RESTAURANTS, INC.; FCPT | ) | |
| GARDEN PROPERTIES, LLC; DARDEN | ) | |
| RESTAURANTS, INC. d/b/a OLIVE | ) | |
| GARDEN; and DARDEN CORP. d/b/a/ | ) | |
| OLIVE GARDEN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Karen Gardhouse initially filed this suit in New York Supreme Court for the County of Erie, alleging that, due to the negligence of Defendants, she slipped and fell while at an Olive Garden restaurant in Amherst, New York. (Doc. 1-1.) Defendants removed the case to federal court on the basis of diversity jurisdiction, stating in their notice of removal that each defendant was organized under the laws of Florida and had its principal place of business there, while Plaintiff is a resident of Canada. (Doc. 1.)

Plaintiff has moved to remand this case to state court. (Doc. 9.) Plaintiff argues that two of the defendants—Olive Garden and FCPT Garden Properties, LLC—are citizens of New York, and therefore there is not complete diversity between herself and Defendants. (Doc. 9-2 at 2.) According to Plaintiff, Defendant Olive Garden is a citizen of New York State because it "has over 30 restaurant locations within the State of New York, and management and control of those restaurants exists within the state of New York." (*Id.* at 2–3.) Defendant FCPT Garden Properties, LLC is a citizen of New York, Plaintiff asserts, because it has its principal place of

business in Nyack, New York. (*Id.* at 3.) Plaintiff attaches to her motion a printout from the website of the Division of Corporations of the New York State Department of State which shows that FCPT Garden Properties is incorporated in Delaware, but maintains a "registered agent" for service of process in Nyack. (Doc. 9-3 at 1.)

Defendants dispute these assertions, but the court need not address their arguments, nor determine the specific states of which Defendants are citizens. Plaintiff alleged in her complaint that she "is a resident of the Town of Orangeville, within the Province of Ontario, Canada." (Doc. 1-1 ¶ 1.) On the "Civil Cover Sheet" attached to Plaintiff's motion to remand, she has marked that she is a "Citizen or Subject of a Foreign Country." (Doc. 9-1.) Under 28 U.S.C. § 1332(a), district courts have original jurisdiction over all civil actions that meet the jurisdictional minimum and are between "citizens of a State and citizens or subjects of a foreign state." *See also Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48–49 (2d Cir. 2012). These representations suggest that Plaintiff is not merely a resident, but a citizen of Canada. The citizenship of the corporate defendants—insofar as determining *which states* of the United States they are citizens of—is therefore irrelevant. The court can exercise diversity jurisdiction (also known in these circumstances as "alienage jurisdiction") over this suit.[1]

---

[1] There are exceptions which might destroy diversity. For instance, it is possible that Plaintiff, though domiciled in Canada, is a United States citizen. If this is the case, the court would lack diversity jurisdiction, for "United States citizens domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state," so "§ 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (internal quotation marks omitted). If Plaintiff believes that this or any other exception is applicable, she should file a new motion for remand.

Plaintiff's Motion to Remand (Doc. 9) is DENIED.

Dated this 16day of July, 2017.

                                                Geoffrey W. Crawford, Judge
                                                United States District Court